JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NIKOLOS DEVORE

### DEFENDANTS

THE PHILADELPHIA CRICKET CLUB

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [x] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
Defendant
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original
Proceeding
- [ ] 2  Removed from
State Court
- [ ] 3  Remanded from
Appellate Court
- [ ] 4  Reinstated or
Reopened
- [ ] 5  Transferred from
Another District
*(specify)*
- [ ] 6  Multidistrict
Litigation -
Transfer
- [ ] 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"); 43 P.S. §951, et seq. ("PHRA"), Phila. Code §9-1101, et seq. ("PFPO").

Brief description of cause:
Plaintiff brings this action against his former employer for unlawful discrimination.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
March 14, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA 19103 _____

Address of Defendant: _____ 415 Willow Grove Avenue, Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/14/22 _____ _Attorney-at-Law / Pro Se Plaintiff_ _____ 314179 _____ _Attorney I.D. # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 3/14/22 _____ _Attorney-at-Law / Pro Se Plaintiff_ _____ 314179 _____ _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| NIKOLOS DEVORE | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| THE PHILADELPHIA CRICKET CLUB | : | |
| | : | NO. |
| DEFENDANT. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| March 14, 2022 | *(signature)* | **Plaintiff, Nikolos DeVore** |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **NIKOLOS DEVORE** | : | |
| **Philadelphia, PA 19103** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE PHILADELPHIA CRICKET CLUB** | : | |
| **415 Willow Grove Avenue** | : | |
| **Philadelphia, PA 19103** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant.** | : | |
| | : | |

## CIVIL ACTION COMPLAINT

### I.  INTRODUCTION

Plaintiff, Nikolos DeVore, brings this action against his former employer, the Philadelphia Cricket Club, for unlawful discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (hereinafter "PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq.* ("PFPO").  Plaintiff seeks all damages allowable at law, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

### II.  PARTIES

1.      Plaintiff, Nikolos DeVore, is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Philadelphia, Pennsylvania.

2.      Plaintiff was born in May of 1966.

3.     Defendant, the Philadelphia Cricket Club, is a country club located at 415 Willow Grove Avenue, Philadelphia, Pennsylvania 19103.

4.     At all times material hereto, Defendant acted by and through its authorized agents and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

5.     At all times material hereto, Defendant was an employer within the meanings of the statutes that form the basis of this matter.

6.     At all times material hereto, Plaintiff was an employee within the meanings of the statutes that form the basis of this matter.

III.     **JURISDICTION AND VENUE**

7.     The causes of action that form the basis of this matter arise under the ADEA, PHRA, and the PFPO.

8.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

9.     The District Court has jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

10.     Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

11.     On or about November 17, 2020, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), cross-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein.  Attached hereto and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

12.     On January 4, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue regarding his PHRC Complaint.  Attached hereto and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

13.     Plaintiff is filing this complaint within ninety (90) days from his receipt of this notice.

14.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   <u>FACTUAL ALLEGATIONS</u>

15.     Plaintiff was employed by Defendant from in or about May 2011 until on or about August 22, 2020, the date of his unlawful termination of employment.

16.     Plaintiff held the position of Head Tennis Professional. In that role, he had administrative responsibilities and provided lessons to members of the club in different racquet sports.

17.     Plaintiff consistently performed his job duties in a highly competent manner and received positive feedback.

18.     From the time Plaintiff was hired until in or about May of 2020, Plaintiff reported to Greg Bowser (age 46), Director of Tennis. Bowser reported to Linda Cozzi, Chief Financial Officer.

19.     In or about May 2020, Bowser's employment was terminated.   Defendant thereafter renamed his open position Director of Racquets.

20.     Following Bowser's termination, Plaintiff held the position of interim Director of Racquets while Defendant conducted a search for Bowser's permanent replacement.

21.     Despite Plaintiff's interim title, Defendant informed Plaintiff that he would not be considered for the full-time position.

22.     On or about August 7, 2020, Defendant hired Boris Fetbroyt (age 34) for the Director of Rackets position.

23.     On or about August 22, 2020, Defendant terminated Plaintiff's employment.

24.     Defendant's articulated reasons for terminating Plaintiff's employment was that he did not lead appropriately during the summer.   Specifically, Defendant articulated that Plaintiff did not do a good job leading and scheduling the summer staff, and that Plaintiff did not do a good job organizing the annual tennis and golf social mixer.

25.     Defendant's stated reason is a pretext.

26.     Plaintiff was not responsible for the summer staff. Ritesh Nautiyal (approximate age 44), Director of Junior Tennis, held that responsibility.

27.     Furthermore, the annual tennis and golf mixer, which was held the day of Plaintiff's termination was a success.

28.     Prior to Plaintiff's termination, Defendant never informed Plaintiff that he was performing his job poorly nor did Defendant utilize any progressive discipline.

29.     Defendant primarily replaced Plaintiff with Nautiyal.  Nautiyal is significantly younger and less qualified than Plaintiff.

30.     Following Plaintiff's termination, Defendant additionally hired three (3) full-time Racquets Professionals: Justin Poletti (approximate age 42) Senior Racquets Professional, Nick Simeone (approximate age 25), Racquets Professional, and Alexandros Caldwell (approximate age 24), Racquets Professional.

31.     Poletti, Simeone, and Caldwell additionally assumed part of Plaintiff's job

duties and responsibilities.  Each employee was substantially younger and less qualified than Plaintiff.

32.     Following Plaintiff's termination, numerous members of Defendant wrote letters supporting Plaintiff to Defendant.  Some of the many positive comments about Plaintiff include, but are not limited to:

a. "Nik Devore, who has worked as the Head Tennis Professional at PCC for nine years, was fired on Saturday and escorted off the grounds and his email was shut down.  This abrupt and disrespectful treatment was uncalled for – his record at the club is spotless and his reviews have always been positive … The treatment of Nik Devore in such a disrespectful and demeaning manner embarrasses me, as it should embarrass all members of the club.  Nik is one of the most respected employees at the club - he is a kind, decent person who loves tennis and wants others to enjoy playing tennis.  His dismissal and removal from the premises was uncalled for."

b.     "We were very surprised and saddened by the sudden termination of Nik Devore. In all of our dealings with him over the years, he always came across as being a total professional, an excellent teacher and someone who was dedicated to The Philadelphia Cricket Club."

c.     "Like many of my friends in the tennis-playing community at PCC, I was dismayed to hear about the sudden dismissal of Nik Devore from his role as a lead teaching professional.  I have taken lessons from Nik and found his teaching to be outstanding – in fact leading to valuable insights about my game that had never been recognized or mentioned by other professionals in the past … His personal and

professional qualities all made him one of the most valuable components of the tennis program at PCC."

d. "Nik is an effective tennis professional and a man of excellent character. His termination without any record of poor performance is not a moment of pride for PCC. He deserved better … The process followed for Nik's termination was seriously flawed."

e. "I am incredibly disappointed that PCC would let Nik go. I worked with Nik on a weekly basis for over five years and came to know him as an excellent coach and teacher. To me, his talent lies in not just quickly identifying a player's problem areas, but in prioritizing the things to work on so a player can make improvements that encourage rather than discourage. Do you know why I also like Nik? He is a kind and good person. He is approachable. He is unfailingly pleasant to be around. My happiest times at PCC have been on court either during Nik's coaching or thanks to Nik's coaching."

f. "'Do unto others as you would have them do unto you.' Certainly, you remember learning The Golden Rule as a child and teaching your own children about the rule and its meaning; but, alas, I fear I may be mistaken. After learning of Nik Devore's firing, escort off the PCC premises, and the abrupt shutdown of his email, I wonder if the board members even stopped to think about how such treatment might feel to Nik, following his nine years of professionalism, commitment, and relationships as Head Tennis Pro."

g.    "I am writing, as I am confident many others are, to express concern and alarm over the recent dismissal of Nik Devore. Nik has served the membership as a dedicated, talented, and personable Head Tennis Professional."

h.    "I would like to express that our family is very disappointed in the dismissal of Nik Devore … He was incredibly committed to improving the tennis experience at the club. Not sure I've met many individuals more positive and encouraging."

33.    Plaintiff's age was a determinative and motivating factor in Defendant's decision to terminate Plaintiff's employment.

34.    As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

35.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

36.    Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

37.    By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the ADEA.

38.    Defendant's violations of the ADEA were intentional and willful under the circumstances.

39.     Defendant's violations of the ADEA warrant the imposition of liquidated damages.

40.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

41.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

42.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

43.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

44.     By discriminating against Plaintiff, Defendant has violated the PHRA.

45.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

46.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

47.     No previous application has been made for the relief requested herein.

## COUNT III – PFPO

48.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

49.     By discriminating against Plaintiff, Defendant has violated the PFPO.

50.     Said violations warrant the imposition of punitive damages.

51.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has suffered the injuries, damages, and losses set forth herein.

52.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

53.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a.      declaring the acts and practices complained of herein to be in violation of the ADEA;

b.      declaring the acts and practices complained of herein to be in violation of the PHRA;

c.       declaring the acts and practices complained of herein to be in violation of the PFPO;

d.      enjoining and restraining permanently the violations alleged herein;

e.      awarding Plaintiff back-pay;

f.      awarding Plaintiff front-pay;

g.      awarding Plaintiff interest;

h.      awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

i.      awarding liquidated damages;

j.      awarding punitive damages;

k.      awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

l.      awarding Plaintiff such other damages as are appropriate under the ADEA, PHRA; and PFPO; and

m.    granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Date:  March 14, 2022      By:

STEPHEN G. CONSOLE
LANE J. SCHIFF
1525 Locust Street
Philadelphia, PA 19102
(215) 545-7676
(856) 545-8211 (fax)

Attorneys for Plaintiff,
Nikolos DeVore

10

# EXHIBIT A

Received

NOV 1 8 2020

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:                              :

**NIKOLOS DEVORE**                        :          Docket No.  2 02001275

v.                                        :

RESPONDENT:                               :

**THE PHILADELPHIA CRICKET CLUB**         :

1.  The Complainant herein is:

    Name:          Nikolos DeVore

    Address:       REDACTED
                Philadelphia, PA 19103

2.  The Respondent herein is:

    Names:         The Philadelphia Cricket Club

    Address:       415 Willow Grove Avenue
                Philadelphia, PA 19103

3.  I, Nikolos Devore, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (54) as set forth below.

### Discrimination

#### A.  I specifically allege:

    [1]       I was hired by Respondent in or about June 2011.

[2]      I held the position of Head Tennis Professional. I consistently performed my job duties in a highly competent manner and received positive feedback.

[3]      From the time I was hired until in or about May of 2019, I reported to Greg Bouser (approximate age 45), Director of Rackets. Bouser reported to Linda Cozzi, Chief Financial Officer.

[4]      In or about May 2020, Bouser's employment was terminated.

[5]      As a result, his position of Director of Rackets became available.

[6]      Cozzi made me interim Director of Rackets while they conducted a search for Bouser's permanent replacement. Despite my interim title, Respondent made it clear to me that I would not be considered for the full-time position.

[7]      On or about August 6, 2020, Respondent hired Boris Fetbroyt (approximate age 34) for the Director of Rackets position.

[8]      On August 22, 2020, Respondent terminated my employment.

[9]      Respondent's articulated reasons for my termination was that I did not lead appropriately this summer. Cozzi said that I did not do a good job leading and scheduling the summer staff, including the staffing of camp cricket and sports academy. Cozzi additionally said that I did not do a good job organizing the tennis and golf mixer, which is an annual social event.

[10]      Respondent's stated reason is a pretext.

[11]      I was not in charge of the summer staff, including staffing of camp cricket and sports academy. Ritesh Nautiyal (approximate age 44), Director of Junior Tennis, had that responsibility. Additionally, Cozzi had previously approved the teaching schedule for camp cricket and sports academy.

Case 2:22-cv-00967-NIQA   Document 1   Filed 03/14/22   Page 17 of 21

[12]        Furthermore, the tennis and golf mixer, which was held the day of my termination, was a success.

[13]        At no point prior to my termination did Respondent tell me that I was performing my job poorly or utilize any progressive discipline.

[14]        Respondent replaced me with Nautiyal (approximate age 44), who was significantly younger and less qualified than me.

[15]        Following my termination, Respondents additionally hired Justin Poletti (approximate age 42), who was significantly younger and less qualified than me, as Senior Racquets Professional.

[16]        My age played a determinative and motivating factor in Respondent's decision to terminate my employment.

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (54), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.        The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**        **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a)**

_____        Section 5.1 Subsection(s)_____

_____        Section 5.2 Subsection(s) _____

_____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   __X__    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violations complained of herein.

(e) Provide all damages required under the law, including, without limitation, back-pay, front-pay, compensatory damages, punitive damages, and attorneys' fees and costs.

(f) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_11-14-2020_                    _Nik Devore_
(Date Signed)           (Signature)        Nik Devore

# EXHIBIT B

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Nikolos Devore**
~~REDACTED~~
**Philadelphia, PA 19103**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2021-60869** | Damon A. Johnson,<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

January 4, 2022
*(Date Issued)*

cc:
**For Respondent:**
**Owner/HR Manager**
**THE PHILADELPHIA CRICKET CLUB**
**415 Willow Grove Avenue**
**Philadelphia, PA 19103**

**For Charging Party:**
**Lane R. Schiff, Esq.**
**Console Mattiacci Law**
schiff@consolelaw.com